**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMROCK CREEK, LLC, | Civil Action No.: 12-2716 |
| Plaintiff, | |
| v. | **OPINION** |
| BOROUGH OF PARAMUS, PARAMUS ZONING BOARD OF ADJUSTMENT, PARAMUS PLANNING BOARD, MAYOR RICHARD LABARBIERA, RALPH AMATO, MARIA ELENA BELLINGER, JOSEPH LAGANA, THOMAS LOCICERO, ERIC NAZZIOLA, MICHAEL ROHDIECK, JAMES TEDESCO, LISA MESEROLE, BOSWELL ENINEERING, INC., PETER TEN KATE, MARK DISTLER, ED ONORATO, JOHN DOES 1-25, AND XYZ ENTITIES 1-25, | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court on Defendant Borough of Paramus' ("Paramus") motion to dismiss Plaintiff's federal claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6). (ECF No. 117). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1] In its sole federal claim, Plaintiff asserts that

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

Defendants Paramus, Paramus Zoning Board of Adjustment, Paramus Planning Board, Tedesco, LaBarbiera, Amato, Bellinger, Lagana, Locicero, Nazzziola, Rohdieck, Meserole, Boswell and Ten Kate the ("Government Defendants") violated its right to substantive due process. Defendants Tedesco (ECF No. 123), Paramaus Zoning Board of Adjustment (ECF No. 163), Distler (ECF No. 159), and Onorato (ECF No. 159) have sought to join the motion. For the following reasons, the Court will grant Paramus' motion, and <u>sua sponte</u> dismiss the sole federal claim against the remaining Government Defendants pursuant to Rule 12(b)(6). Because no federal claims remain, the Court will decline to exercise supplemental jurisdiction on Plaintiff's remaining state law claims pursuant to 28 U.S.C. 1367(c)(3). Plaintiff shall be given thirty days to submit an amended complaint that, to the extent possible, remedies the deficiencies found herein.

I.   **BACKGROUND**

This is a land use dispute. The dispute is over a parcel of land (the "Property") located in the Borough of Paramus, New Jersey. According to the operative complaint, Plaintiff purchased the Property—which had been used as a municipal dump until the late 1970's—in 2002, intending to build upon it. (Compl.[2] ¶¶ 31, 35, 38).

The thrust of the complaint is that Defendants took steps to prevent Plaintiff's development of the property. An application to develop the Property was filed in June, 2006. (Compl. ¶ 174). Soon after, Paramus filed a lawsuit (the "Litigation") seeking to prohibit Shamrock from developing the Property. (Compl. ¶ 175). That Litigation was based upon an agreement between Paramus and a prior owner that restricted development of the parcel. <u>Borough of Paramus v. Shamrock Creek, L.L.C.</u>, No. L-7387-06, 2010 WL 5903833 at *1 (Sup. Ct. App. Div. March 30,

---

[2] "Compl." or "Complaint" refers to the Amended Complaint, ECF No. 25.

2010). Because that agreement was not recorded, the Court held that Plaintiff was not bound by the restriction. Id. at *2; (Compl. ¶ 181). Plaintiff states that the Litigation costs led to a third party buyer's cancellation of an agreement to purchase the property. (Compl. ¶¶ 73-75). Plaintiff avers that the third party had agreed to purchase the Property for $14,000,000. (Compl. ¶ 64).

Plaintiff alleges that the Litigation was filed, in part, due to a public relations campaign undertaken by two non-governmental actors, Defendants Distler and Onorato. (Compl. ¶ 160). Distler and Onorato own houses bordering the Property and believed when they purchased their houses that the Property would not be developed. (Compl. ¶ 79). Plaintiff alleges that Distler and Onorato's public relations campaign falsely claimed the Property was pristine wetlands and woodlands in order to garner public support to block Plaintiff's development efforts. (Compl. ¶¶ 94-123). Plaintiff alleges that municipal officials were swayed by public interest in the campaign and took the opportunity to "pander to greater political support from citizens who had been misled" about the property's pristine status. (Compl. ¶¶ 160-61).

Plaintiff also alleges that the public attention on the property caused municipal officials to become concerned that Paramus might be forced to remediate the conditions caused by the town's prior use of the Property as a dump. (Compl. ¶¶ 160-65). Plaintiff alleges that these concerns were another reason why municipal officials sought to block its development plans.

Finally, Plaintiff alleges that Paramus municipal officials had designated the Property as a site for future affordable housing, but filed the Litigation with the intent of blocking additional affordable housing from being constructed in Paramus. (Compl. ¶¶ 166-67, 182-185). Plaintiff supports this with (1) statements by non-governmental entities, including Defendant Onorato; and (2) allegations that Paramus amended its housing plan during the Litigation by revising its affordable housing plain to remove the Property. (Compl. ¶¶ 183-85).

3

Apart from the Litigation, Plaintiff alleges that four other actions taken by the Government Defendants harm it. First, Plaintiff alleges that Paramus sought to take its Property as public land. (Compl. ¶ 190). Plaintiff avers that the borough appraiser improperly valued the property at $400,000—even when that appraiser had been provided with a copy of the $14,000,000 sale contract between Shamrock and a third party. (Compl. ¶¶ 194-95). Plaintiff further avers that in its application for funds to complete the planned taking, Parmaus municipal officers lied. (Compl. ¶ 202-03). In particular, Plaintiff alleges that Defendant Tedesco incorrectly certified that (1) the Property was not a former landfill site or suspected hazardous waste site; and (2) that the Property was not designated for use in meeting the borough's low and moderate income requirements. (Id.) In fact, Plaintiff alleges, the property was the site of the municipal dump, and had been part of Paramus' plans to meet its low and moderate income requirements until the month before. (Id.)

Second, Plaintiff alleges that Paramus improperly enforced its sign ordinances. The Complaint states that in 2007 Plaintiff wished to place signs to warn the public of health and safety hazards on the property. (Compl. ¶ 212). Plaintiff avers that a Paramus representative informed Plaintiff that Paramus did not require permits for the signs. (Compl. ¶ 213). However, after the signs were placed, Plaintiff alleges that Paramus issued a complaint indicating that the signs violated a Paramus ordinance. (Compl. ¶ 215). In order to settle the complaint, Plaintiff alleges that it needed to pay a $283 fine, and apply for permits for its signs. (Compl. ¶¶ 216-17). Plaintiff claims that it was overcharged when Defendant Meserole required it to pay a "zoning review fee" for each of its fifty signs even though only one application was reviewed. (Compl. ¶ 221). After Plaintiff had placed its permitted signs, Defendant Meserole signed a complaint charging Plaintiff with violating an ordinance forbidding more than one sign to be placed on a property. (Compl. ¶ 225). Plaintiff alleges that this charge caused it to expend more funds to get the complaint

dismissed. (Compl. ¶¶ 226-27). Plaintiff further alleges that a Borough Attorney for Paramus sent a letter to Plaintiff demanding that Plaintiff install smaller signs, and that Paramus did not require Defendants Distler and Onorato to obtain permits for their "Save Paramus Wetlands" signs. (Compl. ¶¶ 233-238)

Third, Plaintiff alleges that its personnel have been harassed by Paramus Police for being on the Property. (Compl. ¶ 241). In particular Plaintiff avers that Paramus Police have gone to the Property and demanded that Plaintiff's personnel explain their presence there after neigbors had notified them of people present on the vacant Property. (Compl. ¶¶ 242-52).

Finally, Plaintiff alleges that its escrow account has been overcharged for engineering services related to its development application before the Paramus Zoning Board of Adjustment. (Compl. ¶¶ 262-64).

Arising out of these facts, Plaintiff asserts only one federal claim—a § 1983 claim alleging that the Government Defendants' allegedly obstructionist and harassing conduct violates substantive due process. Paramus argues that this claim is not well pled.[3] (Def. Br. 7). This Court

---

[3] Paramus also argues that Plaintiff's federal claim is unripe because the case itself is an attempt to "obtain development approval through this Court" even though there had been no final adjudication by the zoning board. (Def. Br. 13). Such an attempt, they argue, would be unripe under the so-called "finality rule" that "state zoning authorities be given an opportune to 'arrive at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question' before its owner has a ripe constitutional challenge based on the disputed decision." Taylor Inv. Ltd. v. Upper Darby Tp., 983 F.3d 1285, 1291 (3d Cir. 1993) (quoting Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 191 (1985)) (emphasis added).
However, the Court finds that the conduct alleged in the Complaint is not related to a land use decision, and so the finality rule does not apply. Blanche Rd. Corp. v. Bensalem Tp., 57 F.3d 253, 267-68 (3d Cir. 1995) (finality rule did not apply because "plaintiffs' [substantive due process] claims are not appealing from an adverse decision on a permit application."). Cnty. Concrete Corp. v. Town of Roxbury, 442 F.3d 159 (3d Cir. 2006) (noting that substantive due process claims alleging improper interference with town permitting process are not subject to Williamson's finality rule).

has original jurisdiction over that claim pursuant to 28 U.S.C. §§ 1331 & 1343(a)(3).

Defendant Paramus moves to dismiss this claim. (ECF No. 117).

## II. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations and quotations omitted). Accordingly, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

## III. DISCUSSION

### A. The "Shocks The Conscience" Standard

The government actions complained of in this case are non-legislative. Thus, to state a

---

The thrust of Plaintiff's complaint is improper interference with his attempts to develop the land. The complaint does not contend an improper application of the land use regulations at issue. Accordingly, because the Court agrees with Plaintiff that the complaint does not present a challenge to Defendants' land use decision, it need not further address Defendants' ripeness arguments.

substantive due process claim, Plaintiff must show that the government actors deprived it of a protected property interest and that such deprivation "shocks the conscience." United Artists Theatre Circuit, Inc. v. Township of Warrington, PA, 316 F.3d 392, 399-400 (3d Cir. 2003) (Alito, J.) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998)); Nicholas v. Penn. State Univ., 227 F.3d 133, 139 (3d Cir. 2000) (discussing the different legal standards for legislative and non-legislative action). Only the most egregious official conduct is conscience-shocking. Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 285 (3d Cir. 2004). "In the zoning and land use context, the "shocks-the-conscience" standard is "designed to avoid converting federal courts into super zoning tribunals." Eichenlaub, 385 F.3d at 285.

The "shocks the conscience" standard in land use cases was first announced in United Artists, 316 F.3d 392 (3d Cir. 2003). United Artists followed the Supreme Court decision, County of Sacramento v. Lewis, 523 U.S. 833 (1998) in finding that non-legislative government conduct must "shock the conscious" before rising to the level of a substantive due process violation. United Artists, 316 F.3d at 399-400 ("executive action violates substantive due process only when it shocks the conscience"). This standard was more stringent than the prior Third Circuit law. Thus, under United Artists the prior standard that non-legislative actions violated substantive due process if municipal officials acted with an "improper motive" gave way to the more demanding "shocks the conscious" standard. Id. at 394, 399-400 ("Bello v. Walker, 840 F.2d 1124 (3d Cir. 1988), and its progeny are no longer good law").

It has been rare since United Artists that the Third Circuit has found conduct that meets this heightened standard. In Eichenlaub, the following did not shock the conscious: (1) selective application of subdivision requirements, (2) unannounced and unnecessary inspection and enforcement actions, (3) delaying permits and approvals (4) improperly increasing tax

7

assessments, and (5) maligning and muzzling property owners. Eichenlaub, 385 F.3d at 286. In DB Enterprise Developers & Builders, Inc. v. Micozzie, 394 F. App'x 916 (3d Cir. 2010) the Third Circuit addressed allegations that a government official coerced plaintiff to perform unpaid road and sewer work by threatening to shut down project development work. The Court found that this action did not state a claim under the "shocks the conscience" standard. (Id. at 917-18). In Locust Valley Golf Club, Inc. v. Upper Saucon Tp., 391 F. App'x 195 (3d Cir. 2010) the Third Circuit held that allegations that a government official was blocking development of a property "in the remote hope that he might one day purchase the property himself" did not shock the conscience. Id. at 199. The court affirmed the district court's finding of summary judgment. Id. In Skiles v. City of Reading, 449 F. App'x 153 (3d Cir. 2011) the Third Circuit affirmed the district court's finding that owners of a nightclub catering to homosexual patrons had failed to state a substantive due process violation by claiming that an ordinance which closed the nightclub was based on animus toward homosexual patrons. The Skiles court held that the only allegation supporting personal animus—that a city inspector referred to plaintiff with a homosexual slur—was insufficient to shock the conscious. Id. at 158.[4]

**B.     The Complaint Does Not Allege State Conduct That Shocks The Conscious**

Considering the Third Circuit guideposts since United Artists, the Court finds that Plaintiff has not alleged government conduct that shocks the conscious. As far as the Court can determine from the Complaint and Plaintiff's briefing, Plaintiff asserts that five different government actions

---

[4] The Court does not rely on County Concrete Corp. v. Town of Roxbury, 442 F.3d 159 (3d Cir. 2006), which permitted a substantive due process claim to go forward, as it relied upon pre-United Artists case law for this issue. See, County Concrete, 442 F.3d at 166-67 (relying on Blanche Rd. Corp. v. Bensalem Tp., 57 F.3d 253, 268 (3d Cir. 1995)).

give rise to § 1983 liability.[5] The Court disagrees.

First, Plaintiff alleges that the Litigation was meritless: filed to avoid constructing affordable housing and to avoid liability for cleaning up the Property's former waste disposal site. (Pl. Op. 13). Second, Plaintiff alleges that government actors defamed Plaintiff. (Pl. Op. 13). Third, Plaintiff alleges that government actors made false certifications in an abandoned attempt to secure funds to take Plaintiff's property by eminent domain. (Pl. Op. 13-14). Fourth, Plaintiff alleges that government actors improperly enforced a sign ordinance against it, knowing that Plaintiff had permits for those signs. (Pl. Op. 14). Finally, Plaintiff alleges that the Police harassed its agents and employees upon the Property. (Pl. Op. 14).

Plaintiff's allegations do not satisfy the requisite standards and do not shock the conscious. In Eichenlaub the Third Circuit held that a township's "efforts in selectively enforcing zoning laws, pursuing unannounced and unnecessary inspections, and improperly increasing tax assessments were not such that they shocked the conscience, particularly because there were no allegations that the defendants were motivated by corruption, self-dealing, or bias against a particular ethnic group." DB Enterprise, 394 F. App'x at 919 (citing Eichenlaub, 385 F.3d at 286).

The alleged conduct in this case falls below that in Eichenlaub. Plaintiff has not alleged corruption, self-dealing, or bias against a particular ethnic group. Considering Plaintiff's allegations concerning the Litigation, the Court finds that they do not shock the conscious. As the opinion of the Appellate Division makes clear, the restriction that Paramus sought to enforce was

---

[5] Defendant Paramus argues that certain of these actions are not related to the claimed property interest. (Def. Rep. 7 n.3). For the purposes of this Opinion, the Court assumes that the Government Defendants' conduct is sufficiently related to a protected property interest. Because the Court finds that the alleged conduct is not conscious-shocking, it does not need to consider whether each alleged wrongful action is sufficiently related to Plaintiff's alleged property interest.

9

real, though not recorded. Borough of Paramus v. Shamrock Creek, L.L.C., No. L-7387-06, 2010 WL 5903833 at *1 (Sup. Ct. App. Div. March 30, 2010). The Court finds that seeking to enforce such a restriction does not shock the conscious.

As for Plaintiff's allegations that the Litigation was undertaken to prevent affordable housing, Plaintiff's only underlying factual allegation against government defendants was that Paramus revised its affordable housing plan during the litigation. This falls short of the Skiles guidepost, which held that a slur directed at plaintiff by a government agent did not shock the conscience. Skiles, 449 F. App'x at 158. Plaintiff's allegations related to the sign enforcement and false certifications do not surpass the improper increasing of tax assessment and improper application subdivision requirements in Eichenlaub. Similarly, the instances of Police investigation of reported trespass do not shock the conscious. See DB Enterprise, 394 F.3d at 919 (finding that improper stop work order by a governmental agency did not shock the conscious). Finally, Plaintiff's allegations of defamation by government actors in its brief are unsupported in the complaint. (See Compl. ¶¶ 78-158 (accusing non-governmental Defendants Distler and Onorato of publishing false statements)).

Accordingly, the Court will dismiss Plaintiff's substantive due process claim against Movants. The Court will also sua sponte dismiss the substantive due process claim against the other Government Defendants because it lies upon the same deficient allegations that Plaintiff has had an opportunity to defend here. See Oatess v. Sobolevitch, 914 F.3d 428, 430 n.5 (3d Cir. 1990) ("a district court might, sua sponte, raise the issue of the deficiency of a complaint under Rule 12(b)(6), so long as the plaintiff is accorded an opportunity to respond").

### C. The Court Declines Jurisdiction Of The Remaining State Law Claims

Having dismissed the sole federal claim, the Court declines to exercise supplemental

10

jurisdiction pursuant to 28 U.S.C. § 1367(c). The Third Circuit has held that

> [W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.

Bright v. Westmoreland Cty., 443 F.3d 276, 286 (3d Cir. 2006) (quoting Borough of West Miffin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)). Here, given that this case is in its early stages, the Court finds that there are no circumstances that provide a justification for retaining jurisdiction over the state law claims.

## IV.  CONCLUSION

For the forgoing reasons, the Court will grant Paramus' motion to dismiss Plaintiff's federal claim pursuant to Rule 12(b)(6) for failure to state a claim, and will sua sponte dismiss the sole federal claim against the remaining Government Defendants pursuant to Rule 12(b)(6). Further, the Court will decline jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. Plaintiff shall be given thirty days to submit an amended complaint that, to the extent possible, remedies the pleading deficiencies addressed herein. An appropriate Order accompanies this Opinion.

DATED: September 24, 2014

_____
**CLAIRE C. CECCHI, U.S.D.J.**