<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMROCK CREEK, LLC, | Civil Action No. 12-2716 (CCC) |
| Plaintiff, | |
| v. | |
| BOROUGH OF PARAMUS, *et al.*, | |
| Defendants. | **REPORT & RECOMMENDATION** |

**<u>Falk, U.S.M.J.</u>**

    This matter is before the Court by way of Plaintiff's motion to voluntarily dismiss this case, without prejudice, pursuant to Federal Rule of Civil Procedure 41. [ECF No. 206.] The motion is opposed, and the Borough of Paramus has cross-moved for sanctions against Plaintiff and its counsel pursuant to Federal Rule of Civil Procedure 11. [ECF No. 211.] The motions are fully briefed. No oral argument is necessary. Fed. R. Civ. P. 78(b). For the reasons stated below, it is recommended that Plaintiff's motion be **GRANTED** and the Borough's motion be **DENIED**.

## BACKGROUND

This case has a long and acrimonious history that the parties and Court are familiar with. The length of the docket and the tone of many of the parties' submissions speak to this history. Only the relevant facts are repeated herein.

This is effectively a land-use dispute relating to a parcel of land in the Borough of Paramus. Plaintiff, Shamrock Creek, LLC, is a real estate developer. It commenced this action in May 2012, by filing an eight (8) count Complaint against twenty (20) Defendants, including the Borough of Paramus; the Paramus Zoning Board; both the current and former Mayor of Paramus; numerous members of the Paramus Borough Council; the Residential and Zoning Signage Officer for Paramus; an engineering firm used by the Borough; and two private citizens. (Compl., ¶¶ 11-25.) Prior to filing in federal court, there were several related state court actions, some of which continued during the pendency of this case.

In the sprawling Complaint, Plaintiff essentially alleges that Defendants have conspired to prevent it from developing property in Paramus through various acts, including by, *inter alia*, filing a state court, deed-restriction lawsuit; attempting to take the property as public land; improperly enforcing the Borough's sign ordinance; and harassment. Mixed among these diverse allegations was a single federal claim, purportedly brought under 42 U.S.C. § 1983, which basically claimed that Paramus "conspired" to "deprive" Shamrock of its "right" to develop the property. (Compl., ¶¶ 254-264.) Shamrock also wanted the Borough to "remediate" the property, alleging that the Borough had used the parcel as a dump in the 1940s and 50s. (Compl., ¶¶ 36-42.) The remainder of the claims are state law claims.

On March 6, 2013, Paramus filed a motion to dismiss the case for a lack of federal subject matter jurisdiction pursuant to Rule 12(b)(1). [ECF No. 61.] The gist of the motion was that Plaintiff's supposed federal claim was not ripe because Plaintiff never received a final decision from the Borough (or a zoning or land use board) denying it the right to develop the property. Defendants argued that a final decision was never issued because Plaintiff supposedly abandoned its zoning application. [Id.]

On July 26, 2013, following the recusal of another Magistrate Judge, the Undersigned was assigned case management responsibility for this case. At the Undersigned's initial conference, the parties presented discovery disputes and discussed the pending motion to dismiss. [ECF No. 88.] After a series of conferences, the parties discussed a settlement that included, *inter alia*, expedited consideration of Plaintiff's abandoned state land use application and a dismissal of the case without prejudice. With that framework in mind, the case was referred to mediation and Defendants' motion to dismiss was administratively denied without prejudice. [ECF No. 103.]

Ultimately, settlement negotiations were not successful. In February 2014, the parties re-started litigation, with Paramus re-filing its motion to dismiss. In the re-filed motion, Paramus continued to advance its ripeness argument, but also contended that, even if the claim was ripe, the the Complaint failed to state a Section 1983 claim and should be dismissed pursuant to Rule 12(b)(6). [ECF No. 117.]

On August 25, 2014, while the re-filed motion to dismiss was pending, Paramus filed a summary action in New Jersey Superior Court attempting to compel Shamrock to comply with certain state law environmental testing requirements germane to the property (the "State Court Action"). [ECF Nos. 211 at 14; 180-4, Ex. H.]

On September 24, 2014, District Judge Cecchi issued an Opinion and Order granting Paramus's motion to dismiss and finding that Plaintiff had not pleaded a viable federal claim. [ECF No. 166.] Judge Cecchi also declined supplemental jurisdiction over any remaining state law claims. [Id.] Judge Cecchi's dismissal was without prejudice to the right to re-plead. [Id.]

On October 24, 2014, Plaintiff filed a Second Amended Complaint, purporting to address the deficiencies in the federal claim. [ECF No. 169.] However, in addition to the more detailed Section 1983 amendment contemplated by Judge Cecchi, Plaintiff included a claim in its amended pleading under the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. [Id.]

On October 30, 2014, Plaintiff filed a motion to disqualify Paramus's counsel based on an alleged conflict of interest between Paramus's counsel and the current mayor, and the assertion that Paramus's counsel is a fact witness. [ECF No. 175.] Plaintiff's counsel requested a stay of proceedings until the disqualification motion was decided. Paramus responded to both the Second Amended Complaint and the Motion to Disqualify with notice pursuant to Federal Rule 11 that both filings were allegedly frivolous.

On November 13, 2014, Defendants again moved to dismiss the Second Amended Complaint. [ECF No. 180.]

On December 4, 2014, Plaintiff wrote to the Court essentially requesting that this matter be dismissed and that the parties proceed with all of their disputes in the concurrently pending State Court Action. Around the same time, in the State Court Action, the Honorable Rachelle L. Harz, J.S.C., dismissed all of Paramus's claims against Shamrock, and granted

Shamrock the right to file counterclaims in that action that are nearly identical to the claims in this case. [ECF No. 216 at 2.]

On December 24, 2014, the Undersigned stayed briefing on the re-filed motion to dismiss the Second Amended Complaint, and directed the parties to confer on whether agreement could be reached to dismiss this action and proceed in Superior Court, where the majority of the claims in this case indisputably belong. [ECF No. 203.]

The parties could not agree to a voluntary dismissal of this case. On January 6, 2015, Plaintiff was permitted to file the present motion to voluntarily dismiss the case pursuant to Rule 41. Briefing on the motions to dismiss remain stayed. [ECF No. 205.] The motion was opposed by nearly all Defendants,[1] and Paramus filed a cross-motion for sanctions under Rule 11.

While the present motions were pending, Judge Harz entered an Order dismissing Shamrock's state court counterclaims as follows:

> Defendants' counterclaim(s) against Paramus is dismissed without prejudice. It may not be re-filed unless and until Defendant's identical federal case is disposed of, the federal court relinquishes jurisdiction over any state claims in that case, and the rights of appeal in that case have been dismissed.

(Order dated February 27, 2015; ECF No. 219.)

The motion to voluntarily dismiss is fully briefed. In fact, it is more than fully briefed. The parties arrogated to themselves the right to continue to file additional letters and

---

1 Individual Defendants Mark Distler and Ed Oranato, residents of the Borough, consent to a voluntary dismissal, without costs and fees, provided it is <u>with</u> prejudice. [ECF No. 207.]

submissions beyond those permitted by the Rules until, on March 4, 2015, the Undersigned was forced to issue an Order directing that the constant filings cease.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41 provides that once a defendant files an answer or motion for summary judgment, a plaintiff may not voluntarily dismiss its case, absent consent of all parties, except upon Order of the Court, "on the terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Generally, a motion for dismissal should be granted unless there is "substantial prejudice to the defendant." Johnston Dev. Grp., Inc. v. Carpenters Local Union No. 1578, 728 F. Supp. 1142, 1146 (D.N.J. 1990). The decision to allow voluntary dismissal while ultimately discretionary, should "be allowed unless the defendant will suffer some prejudice other than the mere prospect of a second lawsuit." In re Paoli R.R Yard P. C.B Litig., 916 F.2d 829, 863 (3d Cir. 1990); see also Ferguson v. Eakle, 492 F.2d 26, 29 (3d Cir. 1974). Courts generally consider the following when determining whether there is substantial prejudice: (1) the expense of a second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the current case; (3) the extent to which the case is progressing; and (4) plaintiff's diligence in bringing the motion to dismiss. Sporn v. Ocean Colony Condominium Assoc., 173 F. Supp. 2d 244, 255 (D.N.J. 2001).

## ANALYSIS

It is in only the rarest of cases that a federal court should refuse a party's motion to dismiss its own complaint. The decision is discretionary unless the defendant can show substantial prejudice. This motion to voluntarily dismiss should be promptly granted for innumerable reasons, some of which are summarily listed below.

1. This is a bitter, long-running dispute. While it is questionable whether there is federal subject matter jurisdiction, the dispute has been litigated in the state courts before, during (and almost certainly will be) after the federal case, regardless of the federal outcome. After dismissal of its sole federal claim for pleading deficiencies, Plaintiff re-pleaded a federal claim. Facing a second motion to dismiss, Plaintiff has decided to dismiss its federal complaint. This makes consummate sense. It also promotes judicial economy. It is beyond dispute that most of Plaintiff's claims are state claims and it is questionable whether Plaintiff has a viable federal claim. Despite the effort the Court invested in trying to resolve the dispute, it would be unjustifiable to refuse Plaintiff's request for dismissal simply to test Plaintiff's attempted federal pleading a second time.

2. Defendants have failed to establish that they have been prejudiced at all, much less substantially. The parties' dispute pre-dated the federal filing. And, in the opinion of the Undersigned, who after fifteen (15) conferences with the parties "speaks with a feel of the case," will continue in the state courts, regardless of how the federal case was resolved. Even if this is not true, Defendants have completely failed to show any prejudice, as set forth below.

3. Consideration of the factors courts sometimes look to when determining whether there is substantial prejudice (see above legal standard) proves there is none here.

    **(a)** The expense of a second litigation is a non-issue. As stated, this case is just a battle in one drawn out war.

    **(b)** The effort and expense incurred in preparation for trial in the current case. No doubt Defendants incurred expense in this case, but it likely would have

incurred comparable expense if the case proceeded only in state court. Also, the case is not remotely near trial.

**(c)** The extent to which the case is progressing. Despite the time it has been pending in federal court, this case is not past the pleading stage. Issue has not even been joined as to the operative complaint. Numerous motions of all types would need to be determined. In sum, the case is really not progressing in the federal court.

**(d)** Plaintiff's diligence in bringing the motion to dismiss. In the factual context here, it is difficult to find a lack of diligence in seeking this voluntarily dismissal. Cutting through everything else, Plaintiff requested to dismiss its Amended Complaint several weeks after Defendants moved to dismiss the pleading.

**4.** Defendants' request for sanctions and other conditions of dismissal are not justified because, other than the without prejudice dismissal of the federal claim in the first complaint, nothing substantive has been decided in their favor. The palpable frustration of a party that feels it is right being forced to litigate a bare-knuckles, no holds barred federal litigation is understandable. Indeed, this case has been characterized by purple prose, *ad hominem* attacks, and loose flying allegations. Even the simplest letter generated many more with ramped up rhetoric—which may have contributed to why so little was actually accomplished in the case in the time it was here. Both parties share some responsibility for the tone of this case. But at the end of the day, nothing substantive was decided. Plaintiff has yet to prove any of its allegations, and Defendants have not yet been vindicated. Sanctions are not appropriate in such a case.

\*     \*     \*

As a postscript, even the ten (10) written submissions of the parties on whether to allow a voluntary dismissal provide a window into how this case has proceeded, filled with insults, attacks, etc. etc.  The federal court should not be burdened with this any longer.

For these reasons, it is respectfully recommended that the motion for voluntary dismissal be **GRANTED** and Defendants' motion for sanctions be **DENIED**.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**DATED: March 24, 2015**