NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMROCK CREEK, LLC, | Civil Action No.: 12-02716 (CCC)(MF) |
| Plaintiff, | |
| v. | **OPINION and ORDER** |
| BOROUGH OF PARAMUS, *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court by way of Plaintiff's Motion for Voluntary Dismissal of this case, without prejudice, pursuant to Federal Rule of Civil Procedure 41. [ECF No. 206.] Defendants oppose the motion and cross-move for sanctions against Plaintiff and its counsel pursuant to Federal Rule of Civil Procedure 11. [ECF No. 211.] Magistrate Judge Falk issued a Report and Recommendation ("R&R) concluding that Plaintiff's Motion for Voluntary Dismissal of this case should be granted and the Cross-Motion for Sanctions should be denied. [ECF No. 225]. Defendants object to Judge Falk's Report and Recommendation [ECF No. 229, 230]. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below the Court adopts Judge Falk's Report and Recommendation, grants Plaintiff's Motion for Voluntary Dismissal without prejudice, and denies Defendants' Cross-Motion for Sanctions.

## I. BACKGROUND

Because the Court writes primarily for the parties, it need not restate the detailed and

lengthy procedural history explained in Judge Falk's Report and Recommendation, however the Court echoes Judge Falk's sentiments that this case has been contentious. Plaintiff commenced this action on May 2012 alleging eight (8) counts against twenty (20) defendants, including the Borough of Paramus, the Paramus Zoning Board, both the current and former Mayor of Paramus, numerous members of the Paramus Borough Council, the Residential and Zoning Signage Officer for Paramus, an engineering firm used by the Borough, and two private citizens. (Compl. ¶¶ 11-25.) Plaintiff's claims amount to essentially a land-use dispute relating to a parcel of land located in the Borough of Paramus, and Plaintiff is a real estate developer. Defendants separately filed five motions to dismiss the Second Amended Complaint. [ECF Nos. 180, 182, 183, 188, 192.] On January 23, 2015, Plaintiff moved to voluntarily dismiss the Second Amended Complaint pursuant to Rule 41 in order to proceed with its claims in state court. Defendants oppose this Motion and cross-moved for sanctions. [ECF No. 206; see also ECF Nos. 210-13].

## II.  LEGAL STANDARD

When a magistrate judge addresses motions that are considered dispositive, such as a motion to dismiss, the magistrate judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). On dispositive motions, the district court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). However, the district is not required to conduct

a *de novo* review when (1) the objections are untimely filed without sufficient justification, Grandison v. Moore, 786 F.2d 146, 148 (3d Cir. 1986); or (2) only a general objection to the report is offered, Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). Unlike an Opinion and Order issued by a Magistrate Judge on a non-dispositive matter, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

### III. DISCUSSION

Because Defendants object to Judge Falk's Report and Recommendation, this Court conducts a *de novo* review. Federal Rule of Civil Procedure 41 provides that once a defendant files an answer or motion for summary judgment, a plaintiff may not voluntarily dismiss its case absent (1) consent of all parties or (2) upon Order of the Court "on the terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Generally, a motion to voluntarily dismiss should be granted unless it would create "substantial prejudice to the defendant." Johnston Dev. Grp., Inc. v. Carpenters Local Union No. 1578, 728 F. Supp. 1142, 1146 (D.N.J. 1990). Although the decision to grant voluntary dismissal is at the discretion of the Court, it should "be allowed unless the defendant will suffer some prejudice other than the mere prospect of a second lawsuit." In re Paoli R.R. Yard P.C.B. Litig., 916 F.2d 829, 863 (3d Cir. 1990); see also Ferguson v. Eakle, 492 F.2d 26, 29 (3d Cir. 1974). When determining whether substantial prejudice exists, courts generally consider: (1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss. See Sporn v. Ocean Colony Condominium Assoc., 173 F. Supp. 2d 244, 255 (D.N.J. 2001).

After reviewing the record, the Court agrees with Judge Falk that Defendants will not suffer

any prejudice other than the mere prospect of continuing to litigate this dispute in state court. The first factor—the expense of a potential second litigation—is a "non-issue" because this case will proceed in state court regardless of the outcome here. (R&R at *7). With respect to the Defendants' effort and expense in preparation for trial, Judge Falk noted that this case "is not remotely near trial," weighing in favor of granting dismissal (Id. at *7-8). The third factor, which to some extent overlaps with the second, also does not show any undue prejudice to Defendants. Despite more than 200 docket entries, many of which demonstrate little more than the parties' contempt for each other, this case is still in the pleading stage. This factor also weighs in favor of granting the voluntary dismissal. The fourth and final factor also weighs in favor of granting dismissal. Plaintiff filed the present Motion to Voluntarily Dismiss several weeks after Defendants moved to dismiss the pleading. (Id. at *8). Thus, the Court finds that granting the present Motion for Voluntary Dismissal will not subject Defendants to prejudice other than the prospect of continued litigation in state court.

With respect to Defendants' Cross-Motion for Sanctions under Rule 11, the Court also agrees with Judge Falk that sanctions here are inappropriate. Defendants have not shown that Plaintiff's conduct before the Court has been in bad faith or without "reasonable inquiry." Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994). Instead, reviewing the record makes it clear to the Court that both sides have simply been "trading punches" with each other, even to the point where Judge Falk entered an Order barring all parties from filing any more letter-briefs without leave of the Court. (See ECF No. 224, entered March 4, 2015). Therefore, Defendants' Cross-Motion for Sanctions is denied.

Accordingly, **IT IS** on this 23rd day of June, 2015

**ORDERED** that Defendants' objections to Judge Falk's Report and Recommendation are

overruled; and it is further

**ORDERED** that this Court adopts Judge Falk's March 24, 2015 Report and Recommendation; and it is further

**ORDERED** that Plaintiff's Motion for Voluntary Dismissal [ECF No. 206] is **GRANTED**; and it is further;

**ORDERED** that the Second Amended Complaint is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendants' Cross-Motion for Sanctions [ECF No. 211] is **DENIED**; and it is further

**ORDERED** that the Clerk shall close the file in this matter.

_____
**CLAIRE C. CECCHI, U.S.D.J.**